E-FILED on __6/25/13__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVELYN SINENENG-SMITH,<br><br>Defendant. | No. C-10-00414 RMW<br><br>ORDER RE: GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY FROM DEFENDANT; RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING REGARDING GOVERNMENT EXHIBIT 81; DEFENDANT'S DEMAND FOR GOVERNMENT PRODUCTION OF RULE 16 DISCOVERY<br><br>[Re: Dkt. Nos. 133, 134, 135] |

This order addresses: (1) the admissibility of the incomplete audio/video recording from an undercover operation in La Jolla, CA on August 22, 2007 (Government Exhibit 81) ("La Jolla tape"); (2) the government's request for reciprocal discovery under Federal Rule of Criminal Procedure ("Rule") 16(b); and (3) defendant's request for government production of Rule 16(a) discovery with respect to all items the government intends to introduce in its rebuttal that are not for the purposes of impeachment.

### I. Admissibility of the La Jolla tape

The defense submits that the recording of the La Jolla meeting (Exhibit 81) is not admissible because it has not been authenticated, is incomplete and portions are unintelligible. The defense has submitted *in camera* a declaration under oath in support of defendant's position. The court first rules on the government's objection to the court's consideration of the *in camera* submission.

Absent some extraordinary circumstance, *in camera* submissions should not be considered because they are not tested for credibility by the adversarial process. *See United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987); *see also United States v. Abuhamra*, 389 F. 3d 309, 311 (2nd Cir. 2004); *United States v. Guzman-Parra*, 401 F. Supp 2d 1055, 1057 (S.D. Cal 2005). There is no extraordinary circumstance justifying an *in camera* submission here. Therefore, the court sustains without prejudice the government's objection.

The court now addresses the admissibility of the recording of the La Jolla meeting. The government has only proffered what it contends special agent Ramelb will say to lay the required foundation for the admission of the recording. The court stands by its earlier ruling that the incomplete recording is admissible if the government agent Ramelb can properly authenticate the tape at trial in accordance with the requirements set forth in *United States v. Mouton*, 617 F.2d 1379, 1383-84 (9th Cir. 1980) which holds that the court, in its sound discretion, may admit an incomplete recording where the agent's testimony satisfies the court that the recording is accurate, authentic, and generally trustworthy. *See also United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975) ("A recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy."); *United States v. Rinn*, 586 F. 2d 113, 115, 118 (9th Cir. 1978) (District court did not commit reversible error in submitting tape recordings and Government's prepared transcripts thereof to jury subject to instruction that transcripts were to be used only as aid in following tapes and that tape recordings, not transcripts, were controlling). Although the defense seems to suggest that there may have been changes or deletions in the recording, the government contends that the recording device simply ran out of batteries or memory at the point the recording ends, and was otherwise complete up until this occurred. Other than ending early, there appear to be

no gaps in the La Jolla tape. A hearing on the foundation issue may be necessary out of the presence of the jury if the defense can point to some reason why it would be prejudicial to the defense to the have the government present its foundational testimony in front of the jury.

## II. Reciprocal discovery under Rule 16(b)

The government contends that defendant is obligated under Rule 16(b) to identify the exhibits from her client files which she intends to offer at trial. According to the government, "exhibits that directly address the substance of the charges, like the elements of the offense, under either party's theory, should be identified by their proponent in advance of trial under the letter and logic of the Rule and its use of 'case-in-chief.'" Govt's Request at 2, Dkt. No. 134.

Defendant counters that: (1) the government has not yet completed its disclosure obligations under Rule 16(a)(1)(E), and thus any reciprocal obligation has not yet arisen; (2) the government already possesses the defendant's client files, and thus the defense has no reciprocal obligation to reproduce these documents; and (3) defendant's reciprocal discovery obligation is limited to the traditional case-in-chief (citing *United States v. Medearis*, 380 F.3d 1049, 1056-57 (8th Cir. 2004) ("Because counsel for [defendant] was attempting to use the letter to *impeach* Whiting's testimony, it was not excludable under Rule 16(b)(1)(A)." (emphasis added)).

Rule 16(b)(1)(A) provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (I) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

The court addresses each of the defendant's arguments in turn.

### A. When duty arises

While the court agrees with defendant that the reciprocal duty does not arise until the government has actually completed its disclosure obligations, *see* Rule 16(b)(1)(A) (the duty arises "if a defendant requests disclosure . . . *and the government complies*) (emphasis added), it appears that the government has complied with its disclosure obligations. Defendant's response brief

indicates only that the government disclosed the pertinent documents related to the "La Jolla" meeting on June 18th, 2013 "after 8:00 p.m. and is still conducting investigation into the abrupt ending of the recording."  Def.'s Response at 5, Dkt. No. 135.  It appears that the defense may be conflating the government's obligations of disclosure under Rule 16 with what evidence may be required as a foundation for the admissibility of a recording.  The government does not have an obligation under Rule 16 to create a report explaining how a witness will authenticate a document.  Its Rule 16 obligation is to provide documents if they exist.  The fact the government may have represented to defense counsel that it is "still conducting investigation into the abrupt ending of the recording" does not mean that the government has failed to comply with its Rule 16 obligation.  *Id*.  The government represented in the record that the "capacity of the digital recording device was exhausted" and that special Agent Ramelb is prepared to authenticate the recording at trial.  *See* Govt's Opp. to Def.'s Mot. *in Limine* 15-16, Dkt. No. 127.  Defendant has not specified any outstanding production from the government and apparently only speculates as to what documentation could exist.  Based upon the government's representations with respect to its compliance with Rule 16 and the defense's failure to show that the government's representation is incorrect, the defendant's reciprocal Rule 16 obligation has been triggered.

### B. Argument that the government already possesses the client files

Defendant's argument that the government already possesses the client files, and thus the defendant has no further obligation under Rule 16(b) lacks merit.  Defendant cites an inapposite case from Georgia, where the trial judge found that, where the *government* had already provided some of the information sought *by defendant* under Rules 16 and 17(c), a portion of *defendant's* request for evidence was moot.  *United States v. Tallant*, 407 F. Supp. 878, 882 (D.C. Ga. 1975).  In contrast, here, the government is requesting that the defendant list the evidence she intends to use in her case-in-chief.  The court concludes that defendant must indicate any specific exhibit that she intends to rely on in her case-in-chief or it may be excluded under Rule 16(d)(2).

### C. Scope of the reciprocal discovery obligation

Rule 16(b)(1)(A)(ii) requires the defense to disclose items it intends to use in its "case-in-chief."  There is a lack of case law in the Ninth Circuit defining what constitutes a defendant's "case-

in-chief." However, the defense should not be permitted to circumvent its disclosure obligation by presenting exhibits during the cross-examination of government witnesses or by characterizing an exhibit as being offered for impeachment when it addresses the substance of the charges. As noted in the Advisory Committee's Notes to the 1974 Amendments to Rule 16(b), "[t]he majority of the Advisory Committee is of the view that the two—prosecution and defense discovery—are related and that the giving of a broader right of discovery to the defense is dependent upon giving also a broader right of discovery to the prosecution." A "case-in-chief" is defined as "[t]he part of a trial in which a party presents evidence to support its claim or defense." Black's Law Dictionary 207 (7th ed. 1999). In *United States v. Young*, the court affirmed the exclusion of a recorded conversation between the defendant and a government witness, offered by the defendant without prior disclosure to the government, because the evidence, though offered during cross-examination, was meant to support the defendant's case-in-chief. 248 F.3d 260, 268 (4th Cir. 2001); *see United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000). The question is more *how* the evidence is *used*, as opposed to when it is first introduced, to be in line with the spirit of the reciprocal disclosure obligation. *Young*, 248 F.3d at 268.

"The district court . . . has unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery." *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011).

The reciprocal disclosure obligation does not extend to documents that are used solely to impeach. *See United States v. Medearis*, 380 F.3d 1049 (8th Cir. 2004); *United States v. Moore,* 208 F.3d 577, 579 (7th Cir. 2000). If defendant seeks to offer an item which has not been disclosed, the court will exclude the item if its primary purpose goes to her case-in-chief even if it is purportedly offered for impeachment. On the other hand, if the evidence is offered solely for impeachment, it will be allowed despite the fact it was not disclosed. For guidance purposes, the court advises that documents that defendant used in her immigration services business would appear to be case-in-chief documents.

The court orders defendant to disclose any exhibits she intends to offer in support of her

case-in-chief (as herein interpreted) to the government on or before June 24, 2013 at 7:00 p.m.[1] or the court may exclude any such evidence offered at trial under Rule 16(d)(2).[2]

DATED:     June 24, 2013

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge

---

[1] Defendant argues that if the court interprets the reciprocal disclosure obligation to extend beyond the traditional case-in-chief, the court must impose the same disclosure obligation on the government. To the extent the government has additional evidence in support of its case-in-chief (as interpreted) that it has not already disclosed to defense pursuant to its Rule 16(a) obligations, the government also has until June 24, 2013 at 7:00 p.m. to disclose such evidence to defendant. However, true rebuttal evidence would not go to the government's case-in-chief.

[2] Moreover, if defendant decides to testify in this case, "the defendant, who [seeks] to introduce certain documents on direct or redirect only if [s]he should testify, would be precluded from introducing any documents that were not timely produced pursuant to [this] reciprocal discovery [order]." 2 Fed. Prac. & Proc. Crim. § 259 n.11 (citing *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853 (2d Cir. 1978)).

ORDER RE: GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY FROM DEFENDANT; RESPONSE TO COURT'S REQUEST FOR ADDITIONAL BRIEFING REGARDING GOVERNMENT EXHIBIT 81; DEFENDANT'S DEMAND FOR GOVERNMENT PRODUCTION OF RULE 16 DISCOVERY —No. C-10-00414 RMW
ALG                                                          6