MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EVELYN SINENENG-SMITH,<br><br>    Defendant. | No. CR 10-00414 RMW<br><br>STIPULATION AND [] ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

## STIPULATION

On February 10, 2014, the parties appeared before the Court for a status hearing on the tax counts of the above-captioned case. The Court granted the parties' request that the matter be continued to May 27, 2014, at 9:00 a.m., in order to afford defense counsel adequate time to review the discovery that the government recently provided to the defense, which includes voluminous bank records and deposit analysis of several accounts. In addition, the Court granted the parties' request for an exclusion of time under the Speedy Trial Act from February 10, 2014 to May 27, 2014. The parties stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

STIPULATION AND [] ORDER
CR 10-00414 RMW

SO STIPULATED.

DATED: February 13, 2014

MELINDA HAAG
United States Attorney

/s/
SUSAN KNIGHT
Assistant United States Attorney

DATED: February 13, 2014

/s/
DANIEL F. COOK
Counsel for Defendant
Evelyn Sineneng-Smith

## ORDER

Accordingly, for good cause shown, the Court HEREBY ORDERS (1) that a status conference be held on May 27, 2014 at 9:00 a.m. and (2) that time be excluded under the Speedy Trial Act from February 10, 2014 to May 27, 2014 on Counts Seven and Eight of the Superseding Indictment. The Court finds, based on the aforementioned reasons, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

SO ORDERED.

DATED:

*Ronald M. Whyte*
HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

STIPULATION AND [] ORDER
CR 10-00414 RMW