BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5061
    E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00414 RMW |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| EVELYN SINENENG-SMITH, | Date: December 14, 2015<br>Time: 9:00 a.m. |
| Defendant. | Court: Hon. Ronald M. Whyte |

## INTRODUCTION

On July 30, 2013, a jury convicted defendant Evelyn Sineneng-Smith of three counts of encouraging and inducing an alien to reside in the United States for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A) and (B)(i), and three counts of mail fraud, in violation of 18 U.S.C. § 1341 that were charged in a Superseding Indictment. *See* Dkt. 195. On October 7, 2013, she filed a Motion for Judgment of Acquittal under Rule 29 and a Motion for New Trial under Rule 33 and the government opposed the motion. *See* Dkt. Nos. 213, 24, 218. On December 23, 2013, the Court denied the defendant's motion for judgment of acquittal and motion for new trial as to Counts Two, Three, Five, and Six. However, granted the defendant's motion for judgment of acquittal and motion for new trial as to Counts One and Four. *See* Dkt. No. 224. On January 12, 2015, the defendant entered an open guilty

1

plea to Counts Seven and Eight of the Superseding Indictment, which charged her with willfully subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1). *See* Dkt. No. 243. Sentencing is scheduled for December 14, 2015 at 9:00 a.m.

The government submits this memorandum in order to review the offense conduct, discuss the applicable Sentencing Guidelines calculations, and to advise the Court of its sentencing recommendation. The government requests that the Court adopt the Probation Officer's recommendation in the Presentence Report ("PSR") and sentence the defendant to 27 months imprisonment to be followed by three years supervised release, restitution of $43,550, and a $600 special assessment. The government believes that a fine of $25,000 is warranted in light of the defendant's extensive financial resources.

**BACKGROUND**

The PSR contains an accurate recitation of the facts, and the Court is familiar with the case from the trial that took place in 2013. From approximately 1990 to 2008, the defendant operated an immigration consultation business in San Jose, California and had several "store front" offices in Beverly Hills, La Jolla, Las Vegas, and New York City. She advised foreign nationals, mainly Filipino citizens who came to the United States on visitors' visas, to apply for a labor certification from the United States Department of Labor as path towards obtaining lawful permanent residence. She charged her victims $5,900 to file such applications all the while knowing that the law had changed, and that her clients did not qualify under existing immigration regulations to obtain lawful permanent residence. According to the testimony of victims at trial, the defendant failed to inform them that they were ineligible to obtain permanent residence. Therefore, the victims overstayed the time that they were allowed to be in the United States, and worked illegally in residential healthcare facilities.

**DISCUSSION**

**I.     The Legal Framework for Sentencing**

The Ninth Circuit has provided the courts with the basic framework for engaging in the sentencing process. In *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008), the Court explained that "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide

2

just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2)."

The starting place in the sentencing process is the determination of the applicable sentencing guideline range. *Id*. "While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Id.* "The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The district court "may not presume that the Guidelines range is reasonable," and "must an individualized determination based on the facts." *Id.*

As discussed below, the government has followed this framework in arriving at its sentencing recommendation in this case.

## II.    The Applicable Sentencing Guidelines

The government agrees with the guidelines calculation in the PSR, which is as follows:

Group One: Encouraging and Inducing Illegal Immigration for Private Financial Gain (Counts Two and Three) and Mail Fraud (Counts Five and Six)

Immigration
a.   Base Offense Level:                                 12
     (U.S.S.G. § 2L1.1 – Immigration Counts)

Mail Fraud
b.   Base Offense Level:                                 7
     (U.S.S.G. § 2B1.1(a)(1) – Fraud and Deceit)

c.   Specific Offense Characteristic:                    +6
     (U.S.S.G. § 2B1.1(b)(1)(D) – Loss More Than
     $40,000)

d.   Adjusted Offense Level for Highest Group:           13

Group Two: Filing a False Tax Return (Counts Seven and Eight)

e.   Base Offense Level:                                 20
     (U.S.S.G. § 2T1.1(a) – Level from Tax Table in
     U.S.S.G. § 2T4.1(H) – Loss More Than $550,000)

//

//

3

Combined Offense Level

| | | | |
|---|---|---|---|
| f. | U.S.S.G. § 3D1.4(a) | | +1 |
| | Group 1, Offense Level 13 = .5 Unit | | |
| | Group 2, Offense Level 20 = 1 Unit | | |
| | Total = 1.5 Units | | |
| g. | Adjusted Offense Level: | | 21 |
| h. | Acceptance of Responsibility: | | -3 |
| i. | Adjusted Offense Level: | | 18 |

The defendant's Criminal History Category is Category I. PSR, ¶ 54. An offense level of 18, when indexed with Category I, results in an advisory Guidelines range of 27 to 33 months.

## III. The Government's Sentencing Recommendation

After considering the Sentencing Guidelines and factors outlined in 18 U.S.C. § 3553(a), the government believes that a sentence of 27 months imprisonment to be followed by three years supervised release is a reasonable and appropriate sentence.

The defendant's conduct concerning her failure to advise the victims that they were ineligible to obtain lawful permanent residence through the foreign labor certification program is extremely serious. She was well aware of the change in the law (as demonstrated by her interview with ICE Special Agent Anthony Villacorta in 2008), yet continued to prey on the hope of her victims that they would be able to become United States citizens and exploited them for her own financial gain. As victim Amelia Guillermo stated in her victim-impact statement:

> For me – its really affects me because I don't know what will happen to me and even until now. Anger to the dependant [sic] because I taught [sic] going to her office & hiring her as an immigration consultant was the right things [sic] to do – to be legalize [sic] my stay in the U.S. Its affected my life, my future, my dreams, my anxiety, my emotion, my fear.

The defendant completely disregarded the welfare of her victims, several of whom may face deportation because they overstayed the time allotted on their visitor's visas and worked. Her conduct warrants a custodial sentence.

Furthermore, the defendant filed false tax returns for the 2002 and 2003 tax years in which she failed to report a substantial amount of income. However, to her credit, the defendant has made

4

payments to the IRS for the outstanding taxes.[1]

The government has considered the comments by Probation Officer Jessica Goldsberry about the defendant's age, performance on supervised release, and acceptance of responsibility for the tax counts.  Therefore, the government believes that a sentence of 27 months imprisonment would reflect the seriousness of the defendant's conduct, promote respect for the law, and provide just punishment for the offense.  Such a sentence would impress upon the defendant the significance of her conduct without being unduly punitive.

**IV.     The Government Requests that the Court Impose Restitution and a Fine**

The Mandatory Victims Restitution Act states that an order of restitution shall require that the defendant make restitution to the victim for any offense "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." *See* 18 U.S.C. § 3663A(a)(1) and (2)(c)(1)(B).  The six victims who testified at trial paid the defendant more than $43,000 for her services, which did nothing to achieve their goals of legally residing and working in the United States.  The government asks the Court to impose restitution of $43,550 to those individuals listed in the PSR.

In addition, the government requests that the Court impose a modest fine on the defendant.  "A defendant who has been found guilty of an offense may be sentenced to pay a fine." 18 U.S.C. § 3571(a).  However, the Sentencing Guidelines provide that "the court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a).  The guideline provision for a fine based on offense level 18 is between $10,000 and $100,000. U.S.S.G. § 5E1.2(c)(3).  The defendant has a significant amount of resources and the ability to work. *See* PSR, ¶¶ 80-81.  Therefore, the government requests that the Court impose a fine of $25,000.

## CONCLUSION

In full consideration of the defendant's history and characteristics together with the other goals of sentencing, the government respectfully requests that the Court sentence the defendant to 27 months

//

---

[1] Undersigned counsel recently received a letter from defense counsel documenting that the defendant sent two checks totaling $616,016 to the IRS for 2002 and 2003 tax years.

1  imprisonment followed three years supervised release, restitution of $43,550, and a $25,000 fine.  The
2  Court is required to impose a $600.00 special assessment.

3  DATED:  12/7/15                                      Respectfully submitted,

4                                                                       BRIAN J. STRETCH
                                                                          Acting United States Attorney
5
                                                                          _/s/_____
6                                                                       SUSAN KNIGHT
                                                                          Assistant United States Attorney
7